**DIAN CHUN KE, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–6713–ag.

United States Court of Appeals, Second Circuit.

Aug. 17, 2006.

Henry Zhang, New York, NY, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Edward O. Pearson, Assistant United States Attorney, Jackson, MS, for Respondent.

Present: JON O. NEWMAN, GUIDO CALABRESI and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Dian Chun Ke, a citizen of China, petitions for review of the BIA's affirmance of Immigration Judge ("IJ") Sarah M. Burr's denial of his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the

parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, the IJ found that Ke's credibility was undermined when he filed a false claim for asylum. The IJ also determined that Ke was unable to rehabilitate his credibility. The IJ noted that at the asylum interview, Ke was asked if he had any other problems in China that were not related to his Christian religion and he responded "no." However, Ke claimed in his supplemental asylum application and in his testimony at the asylum hearing that he feared that he or his wife would be sterilized if he returned to China. The IJ further noted that Ke entered the United States three separate times after his wife's allegedly forced abortion, but did not seek asylum. The IJ determined that Ke's explanation for not seeking asylum, that his first child had not yet been born, did not make sense. Ke argues that his explanation for not having applied for asylum sooner was not explored further by the IJ. Ke claims that the IJ was under a duty to confront him with the potential inconsistency to permit him an opportunity to clarify his testimony. Where an inconsistency is dramatic, the agency may rely on it without first soliciting an explanation

from the applicant. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). The IJ's findings were reasonable and supported by substantial evidence in the record.

Ke argues that he has a well-founded fear of future persecution and that the Country Condition Reports show that China's family planning policy is still in effect. In her denial of Ke's claim, the IJ found that having one child in China does not constitute a reasonable future fear of persecution. The IJ's finding is reasonable, as there is no evidence in the record, aside from Ke's bare statement, to support his assertion that if he returns to China, there is a reasonable possibility that he or his wife will be sterilized.

The IJ's adverse credibility determination and finding that no objective evidence of future persecution exists necessarily precludes Ke's withholding of removal and CAT claims. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).